UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHELLE BOLICK, *ET AL.*,       § | |
| *Plaintiffs*,       § | |
| § | |
| vs.       § | CIVIL ACTION NO. H-07-2261 |
| § | |
| MANAGEMENT BY SKYLANE, LLC,       § | |
| *Defendant*.       § | |

## ORDER OF PARTIAL SUMMARY JUDGMENT

This Fair Labor Standards Act (FLSA) case is before the court on plaintiffs' motion for partial summary judgment (Dkt. 22). Plaintiffs seek summary judgment that defendant is liable for unpaid overtime wages and liquidated damages.

**A.     Liability**

Defendant does not contest liability for each week plaintiffs were paid less than $455.[1] Plaintiffs have submitted a chart, attached hereto as exhibit A, listing the dates for which defendant is liable to each plaintiff for overtime wages. Defendant does not dispute plaintiffs' chart. Therefore, plaintiffs are entitled to summary judgment that defendant is liable to plaintiffs for overtime wages during the weeks listed on exhibit A. The amount of overtime hours worked by each plaintiff during the relevant weeks, and thus the amount of compensatory damages to be awarded, remains for trial.

---

[1]     Defendant's response, at 3 (Dkt. 26).

**B.    Liquidated Damages**

The FLSA provides for liquidated damages in an amount equal to plaintiffs' actual damages as additional compensation. 29 U.S.C. § 216(b). The court has discretion to reduce or eliminate liquidated damages if the employer meets its burden to show that the failure to comply with the FLSA was in good faith. Good faith may exist where the employer had a reasonable belief that its policies did not violate the FLSA. *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 267 (5th Cir. 1998). However, ignorance of the FLSA's requirements does not satisfy the good faith standard. Good faith imposes a duty on an employer to investigate potential liability under the FLSA. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468-69 (5th Cir. 1979).

Defendant submits the Declaration of Paul Jacobson in support of its good faith defense.[2] Jacobson is an "executive" with the small, family run defendant. Jacobson asserts that defendant simply was not aware of the exempt employee salary requirements of the FLSA. Jacobson testifies that defendant sought legal counsel when it originally created its payroll policies and procedures, and always clearly notified its exempt employees that they were paid a specified weekly wage for all hours worked in each workweek, regardless of the number of hours worked. In addition, defendant increased salaries immediately upon learning of its violation after a 2007 Department of Labor audit. However, while Jacobson states that defendant "has always endeavored to comply with the terms of all applicable state

---

[2]    Dkt. 26-2.

and federal laws, including the [FLSA]," he offers no evidence of any specific ongoing efforts by defendant to comply with the FLSA.

Defendant relies on *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 312 (7th Cir. 1986) (cited by the Fifth Circuit with approval in *Bernard*, 154 F.3d at 267). In *Walton*, the court found that the test of good faith is an objective one not based on the subjective mental state of a corporation. The *Walton* court explained that "an employer's willingness to state and defend a ground suggests a colorable foundation [for its belief], and openness facilitates challenges by the employees." Here, defendant simply paid no attention to the changing law, and never publicly stated nor defended any colorable ground to justify its payroll practice. The mere fact that the defendant did not actively conceal its FLSA violation from employees is no excuse: it would not have been possible to conceal this kind of violation, patent on the face of each paycheck.

In sum, there is no evidence that defendant had an objectively reasonable basis for its belief that it was in compliance with the FLSA. "Apathetic ignorance is never the basis of a reasonable belief." *Barcellona*, 597 F.2d at 469. In Judge Easterbrook's memorable phrase, "a good heart but an empty head does not produce a defense" to liquidated damages. *Walton*, 786 F.2d at 312.

## C.    Conclusion and Order

Plaintiffs' motion for partial summary judgment (Dkt. 22) is granted. Plaintiffs are entitled to a compensatory damages award of overtime wages for overtime hours worked

during the weeks listed in Exhibit A.  Plaintiffs are entitled to an award of liquidated damages in an amount equal to their compensatory damages.

Signed at Houston, Texas on October 14, 2008.

_____<br>
Stephen Wm Smith<br>
United States Magistrate Judge

**EXHIBIT A**

| Name | Dates |
| --- | --- |
| Francis Ainsworth | April 1 2007 to May 31, 2007 |
| Rebecca Ainsworth (f/k/a Rebecca Terry) | April 1, 2007 to May 31, 2007 |
| Michelle Bolick | April 1, 2007 to June 30, 2007 |
| Vicki Claypoole | January 1, 2005 to October 15, 2006 |
| Paul Diamonte | January 17, 2007 to January 31, 2007 |
| Perry Pletcher | August 1, 2007 to August 31, 2007 |